MARY HOLTZMAN, RESPONDENT, v. HUDSON AND MAN-
HATTAN RAILROAD COMPANY, APPELLANT.

Argued January 6, 1925—Decided April 25, 1925.

1. A railroad company is under a duty to exercise only ordinary or reasonable care to so construct and maintain station buildings, platforms and approaches that they be reasonably safe for the use of passengers.
2. In an action by a passenger of a railroad company to recover for injuries received in slipping and falling on a pile of wet sawdust on the station floor, an instruction that it was 'the duty of the company "to use a high degree of care that the station should remain reasonably safe," was erroneous and harm-ful, since the company's duty was limited by law to ordinary or reasonable care.

---

On appeal from the District Court of the city of Bayonne.

Before Justices Trenchard, Minturn and Lloyd.

For the appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* on the brief).

For the respondent, *Alexander Sleclow.*

The opinion of the court was delivered by

TRENCHARD, J.  This appeal brings up for review a judgment entered upon the verdict of a jury in the District Court of the city of Bayonne in favor of the plaintiff-appellee against the defendant-appellant.

The plaintiff sued to recover for personal injuries alleged to have been sustained by her January 16th, 1924, at the Summit avenue station of the defendant railroad company in Jersey City.  The complaint alleged that "she slipped and fell on a pile of wet sawdust and other dangerous obstructions on the waiting-room floor" of the station, which it was averred had been negligently piled up along the floor by an employe of the defendant and permitted to be there.

The defendant company now contends (among other things) there was error in the charge of the court with respect to the degree of care owed by the defendant to the plaintiff in the circumstances.  We think there was.

The trial judge instructed the jury on that topic as follows: "There cannot be any recovery until negligence is established, and for the purpose of having you determine whether or not there was any negligent act upon the part of the railroad company, it is necessary for you to know the respective duties of the railroad company and the duty of the plaintiff herself.  A railroad is a common carrier of passengers, and that is that they indiscriminately carry any persons for pay who desire to use their railroad. *It is necessary for them to use, what is determined in the law, a high degree of care.  Therefore, it was their duty in this railroad station to use a high degree of care, that the station, or parts of the station, should remain reasonably safe for all persons who were using that particular railroad station at that particular time.*"

Exception was noted to this portion of the charge and error is assigned thereon.

We think that the trial judge failed to distinguish between the degree of care required of a common carrier in the maintenance of its station floor, and the degree of care required with respect to the means and modes of conveyance of passengers.

That a common carrier of passengers is under a duty to exercise a high degree of care as to its means and modes of conveyance is settled without question. *Schott* v. *Weiss,* 92 *N. J. L.* 494; *Rivers* v. *Pennsylvania Railroad Co.,* 83 *Id.* 513; *Trussell, Admx.,* v. *Morris County Traction Co.,* 79 *Id.* 533; *Brackney* v. *Public Service Corp.,* 77 *Id.* 1; *Olsofrom* v. *North Jersey Street Railway Co.,* 81 *Id.* 321; *Hansen* v. *North Jersey Street Railway Co.,* 64 *Id.* 686; *Scott* v. *Bergen County Traction Co.,* 63 *Id.* 407; *affirmed,* 64 *Id.* 362.

That a railroad company is under a duty to exercise only ordinary or reasonable care to so construct and maintain station buildings, platforms and approaches that they shall be reasonably safe for the use of passengers, is also well settled in this state. *Dotson* v. *Erie Railroad Co.,* 68 *N. J. L.* 679; *Mason* v. *Erie Railroad Co.,* 75 *Id.* 521; *Feil* v. *West Jersey and Seashore Railroad Co.,* 77 *Id.* 502.

An examination of the cases shows clearly that the duty respecting the construction and maintenance of station buildings is not so rigorous as that imposed upon railroad carriers in relation to roadbeds, tracks, cars, appliances and the like. The trial judge in the present case seems to have lost sight of such difference between the duty respecting station buildings and that respecting means and modes of conveyance; but the cases recognize the distinction and affirm that a railroad company that exercises ordinary care in constructing and maintaining station buildings, platforms and approaches in a reasonably safe condition for use is not guilty of negligence, and that it should not be held to any higher degree of care in that respect.

But the plaintiff contends that the instruction in the instant case, if erroneous, was not harmful to the defendant, and, hence, should not lead to reversal.

To that we cannot agree. The duty which the railroad company owed to the plaintiff at the time of her injury was limited to the exercise of ordinary or reasonable care to so maintain the floor of its station building that it should be reasonably safe for the use of passengers. That duty should have been placed before the jury, and they should have been directed to find whether the floor was in the condition that reasonable care would have produced. To direct them that the company owed a duty expressed by the words "a high degree of care" was misleading in the circumstances of the case, and must have been injurious in its result. *Van Blarcom* v. *Central Railroad Co., 73 N. J. L.* 540; *Gellatly* v. *Central Railroad of New Jersey,* 86 *Id.* 416.

The judgment below will be reversed and a *venire de novo* awarded.